## Case No. 16,338.

### UNITED STATES v. SMITH.

[2 Mason, 143.][1]

Circuit Court, D. Massachusetts. Oct. Term, 1820.

SLAVE TRADE — INDICTMENT — SPECIFICATION OF TIME—SCIENTER—CONCLUSION.

1. In an indictment founded on the slave trade act of 20th of April, 1818. c. 86 [3 Story's Laws, 1698; 3 Stat. 451. c. 91] §§ 2. 3. for causing a vessel to sail from a port of the United States. to be employed in the trade, it is sufficient if the indictment alleges that the offence was committed after the passing of the act, at some time between certain specified days, though no day in certain, on which it was committed, is specified.

2. It is not necessary on an indictment on the same act to aver. that the defendant knowingly committed the offence.

[Cited in U. S v. Malone, 9 Fed. 900.]

3. A conclusion of an indictment founded on a statute "contrary to the true intent and meaning of the act of the congress of the United States, in such case made and provided," is good, and is equivalent to a conclusion "against the form of the statute in such case made and provided."

[Cited in U. S. v. Gooding, 12 Wheat. (25 U. S.) 478.]

[Cited in State v. Skolfield (Me.) 29 Atl. 923.]

Indictment [against Joseph F. Smith] on the second and third sections of the act of 20th April, 1818, c. 86, against the slave trade. This case was similar in most material respects to the preceding case of U. S. v. La Coste [Case No. 15,548].

A verdict of guilty was brought in by the jury, and motions for a new trial and in arrest of judgment on the same grounds as those in that case, were made by Hooper for the prisoner.

STORY, Circuit Justice. Many of the objections taken to this indictment, have been already considered in the case of U. S. v. La Coste [supra], and need not be here re-

---

[1] [Reported by William P. Mason, Esq.]

examined. Those only will be taken notice of, which apply to the second count of the indictment, (which charges in substance, that the defendant on the high seas caused a certain vessel, &c. to sail from the port of Baltimore, &c. for the purpose of being engaged in the slave trade,) and which were not discussed in the other cause.

The first exception is to a supposed repugnancy in that part of the count, which avers, that before the vessel was caused to sail, she had been fitted out, &c. for the slave trade. It is a sufficient answer, that whatever may be the force of the argument on this point, the whole averment in this part of the count is mere surplusage and unnecessary to the constitution of the offence, and therefore may be rejected as immaterial. "Utile per inutile non vitiatur."

A second objection is, that no definite time is stated in the second count, when the offence was committed, which is a fatal defect. The averment is, "that heretofore and after the 20th day of April, A. D. 1818, that is to say, at some time between the day of the month and year last mentioned, and the 12th day of February now last past," the defendant committed the offence. That the averment of a particular day, on which the offence was committed, would in this case be altogether formal cannot be doubted. It would be unnecessary to prove, that the offence was committed on that particular day, and if proved to have been committed on any other day after the passing of the statute and before the caption of the indictment, it would have justified a conviction. It is not then a case in which time is material to the constitution of the offence.

I am myself no friend to over curious and nice exceptions in mere matters of form, either in civil or criminal proceedings. They were introduced into the law in an age of subtilties and scholastic refinements; and I agree with Lord Hale and Lord Ellenborough, that they are grown to be a blemish and inconvenience in the law and the administration thereof, and that more offenders escape "by the over easy ear given to exceptions in indictments, than by their own innocence;" and that these unseemly niceties are "a reproach to the law," and have become "the disease of the law." 2 Hale, P. C. 193; The King v. Stevens, 5 East, 244, 260. Still the defendant is entitled to the benefit of these niceties, wherever the law is settled in favour of them; and it is our duty to allow them as far as they have clearly gone. But for one, I am not willing to extend them beyond the limits already assigned to them. This objection, then, is to be decided, not by the reason of the thing, (for that is against it) but by authorities. If they settle the point, we are bound by them; if they are silent, or are divided, we are at liberty to follow the dictates of common sense, and general legal reasoning.

It is a general rule, that it is necessary to allege in every indictment some time, when each fact happened, that constitutes the offence, or is material to the guilt of the party; and if no time be alleged, the indictment is bad for uncertainty; and as the statutes of jeofails do not extend to indictments, the defect cannot be amended, and is fatal. 2 Hawk. P. C. c. 25, § 77; 1 Starkie, Cr. Pl. 50; 2 Hale, P. C. 177; The King v. Holland, 5 Term R. 607, 624. Hawkins says, that it is laid down as an undoubted principle in all the books, (and he refers principally to ancient authorities) that no indictment can be good without precisely shewing a certain year and day of the material facts. 2 Hawk. P. C. c. 25, § 77. Staundford says, that to make a good indictment, it is necessary to put in the year, day, and place, when and where the felony was committed, and it ought to be such a day, which is not uncertain nor ambiguous. Staund. P. C. 95. Lord Hale says, touching the time, viz. the year and day, wherein the fact was committed, this is necessary to be contained in the indictment. 2 Hale, P. C. 177. If, by these expressions, it be meant, that a particular day must in all cases be alleged with certainty, the present indictment cannot be sustained, for it lays the offence only on some day between certain times. It is easy to see, why a day certain should be alleged in all cases, where it constitutes a part of the crime, or where a forfeiture of goods and chattels or lands takes effect from the time of its commission; for in such cases it is material to the party. But where the offence may be committed at any time, or, if laid on a particular day, may be proved without any substantial variance to have happened on any other day or between any given limits, it is not so easy to see the reason of such a rule. That there are exceptions to the rule, as laid down in Hawkins, and the other authorities above referred to, is unquestionable. As for instance, a negative, or omission of duty, may be set forth without alleging any time. Rex v. Holland. 5 Term R. 607. 616; Hawk. P. C. bk. 2, c. 25, § 79. So upon informations and convictions before justices of the peace, and informations in the exchequer on penal statutes, it is held to be sufficient to allege the offence to be committed between such a day and such a day. Rex v. Chandler, 1 Ld. Raym. 581; Reg. v. Simpson, 10 Mod. 248; Hawk. P. C. c. 25, § 82. What substantial difference there can be between an information on a penal statute in the exchequer, and in any other court, I profess not to know. This is certain, that in an information for any offence at common law, or upon a statute, the same certainty and precision are required as in an indictment. Rex v. Wilkes, 4 Burrows, 2527, 2556; 1 Chit. Cr. Law, 846; 2 Hawk. P. C. bk. 2, c. 26, § 4. Mr. Starkie in his late valuable treatise on criminal pleadings asserts, that this mode of pleading has been long in use in informations upon penal statutes. And he adds, "there does not appear to be any reason, why the offence should not be so laid in indictments, where the day cannot in fact be

ascertained; but it is safer to aver some day, though it cannot be proved." From these remarks, it may be inferred, that the point is not considered now to be settled in England against the same practice in indictments. There is a case in 1 Show. 389, Rex v. Roberts, which is cited by Hawkins (2 Hawk. P. C. bk. 2, c. 25, § 82), where an information was for extortion by a ferry keeper, and the party was charged with having between a certain day and the day of exhibiting the information extorted of divers subjects divers sums of money exceeding the lawful rates. And it was held bad, because every several taking was a several offence; and the court said, suppose an indictment, that between such a day and such a day he beat divers of the king's subjects; this is not one complicated offence, consisting of several facts, but several offences jumbled together. Sir B. Shower, the reporter, argued the case for the defendant, and it does not appear from his report, that he took any exception to the manner of laying the time, but only to the joining of several offences in so uncertain a manner. The case is somewhat differently stated in 4 Mod. 101, for there an objection is made, that no time certain was laid, but nothing is said on it by the court. Carthew and Salkeld agree in substance with the report in Shower; and the former makes the court to say, " 'tis true all informations in the exchequer are general, as this is; but the reason is, because they are for certain (meaning, I presume, several and distinct) penalties." This case, therefore, affords no authority against the sufficiency of an information laying a single offence between certain days. And if the case be supposed to decide any thing as to the allegation of time, it is directly contradictory to the authority of the case of Rex v. Lady Broughton, 2 Lev. 71, where laying the same crime at divers days and times, between such a day and such a day, was held upon motion in arrest of judgment to be sufficient. Lord Chief Baron Comyns (Com. Dig. "Indictment," G, 2) says, that on divers times between such a day and such a day is sufficient in an information, and cites this case in Levinz in proof; which shows, that he considered it good law.

The counsel for the defendant, in support of this objection as to time, cited 2 Co. Inst. 318, where it is said, that upon an appeal of murder the fact cannot be alleged to be done circa 10 diem Decembris, &c. or inter decimum et 11 diem Decembris, &c. But it is to be considered, that this doctrine is expressly applied to the case of an appeal, and upon the very terms and construction of the statute of Gloucester, which in appeals requires the day, the hour, the time of the king, and of the town, where the deed was done, to be set forth; and Lord Coke in his Commentary expressly admits, that there are diversities between appeals and indictments. See, also, 2 Hawk. P. C. bk. 2, c. 23, §§ 86-88. The authority, therefore, does not come up to the point.

The case, then, now before us, does not appear ever to have been in terms decided. It is not a case, where the offence is laid on a day, which from its description is uncertain, so that it may mean either of two days, or on a future impossible day; or where one and the same offence is laid on two different days, or on days repugnant to each other. In all these cases it has been adjudged, that the defect cannot be helped by a verdict. 2 Hawk. P. C. bk. 2, c. 25, § 77; 2 Hale, P. C. 178; 1 Starkie, Cr. Pl. 55, 56. Nor is it a case, where several offences have been generally laid at divers days and times, as to which there is a diversity in the authorities. The case now before us is, where a single offence is laid to have been committed between such a day and such a day, not alleging any day certain. Such an averment would be sufficiently certain in many criminal proceedings, on complaints and summary proceedings before justices, upon informations for penalties, and upon indictments for non-feasances. This is the case of a misdemeanor, as to which much less nicety in respect to time is required in the material allegations of fact, than in indictments for capital offences. 2 Hale, P. C. 178; 1 Chit. Cr. Law, 221; 1 Starkie, Cr. Pl. 54; Hawk. P. C. bk. 2, c. 25, § 77. It would seem strange, that the fact might not be laid, as it would be proved: that if the exact time were unknown, or could not be proved, it might not be so stated, or stated between such a day and such a day: that the day must be stated with certainty in the indictment, and yet a verdict finding it on another day would be good; or finding it on no day certain, as between two days, would be good. And this, though the time be admitted to be formal, and more certainty would not conduce to the relief of the defendant, or aid his defence, or narrow down the proof. In the Cases of Lowick (4 State Tr. 718) and Lord Wintoun (6 State Tr. 17, 53, 56, 57), where the subject was a good deal discussed, although the general doctrine as to certainty of time in all indictments was stated; yet the argument seemed mainly rested upon its materiality and importance in capital cases. If the present were a capital case, it would be our duty to adhere to the very letter of established doctrines in favorem vitæ. But in respect to misdemeanours, courts have relaxed much from their former strictness in construing indictments; and many exceptions, which were formerly holden fatal, would now be disregarded. 1 Starkie, Cr. Pl. 227, 228. There is no modern decision on this point. The case of Rex v. Broughton, already stated, (2 Lev. 71; Com. Dig. "Indictment," G, 2), which is recognized as law by Chief Baron Comyns, (and no better authority could be cited) has decided, that the offence of extortion laid on divers days and times between the 2d of May, 22 Car., and the exhibiting the information, was well laid, and the exception, though moved

in arrest of judgment, was overruled. That case approaches nearer to this than any other case; and if sufficient in an information in the king's bench, it would be sufficient in an indictment. And the language of Mr. Starkie, already referred to, seems to justify the notion, that this exception would not now be held fatal in England, when the allegation conformed to the fact.

Upon the whole, after much deliberation, being willing to give the defendant the benefit of every legal objection; but willing also to subserve the purposes of public justice, I confess myself not satisfied, that this objection to an unexpected and unnecessary irregularity, in pleading, ought to be held or would now be held in any court of criminal jurisprudence, fatal.

Another exception is, that it is not alleged, that the defendant knowingly committed the offence stated in the second count. This is not required by the statute, and need not be averred. If he caused the vessel to sail for the purpose of being engaged in the slave trade, he must have known the act and the intent. But it is sufficient to say, that no such averment is necessary.

The last exception, which will be taken notice of, is, that the second count does not conclude against the form of the statute. The objection supposes, that these words are necessary in every indictment founded on a statute. But we understand the rule to be not exactly so. In every indictment founded on a statute. it is necessary to conclude against the statute; but though the technical words, "against the form of the statute in such case made and provided," are constantly used in all indictments, which consult accuracy and precision; yet equipollent expressions are just as sufficient in point of law. All that is required is, that some phrase should be used, which shows that the offence charged is founded on some statute. This is the doctrine heretofore asserted in this court (Smith v. U. S. [Case No. 13,122]); and it is recognized in the decisions of the supreme court of the state. The count in this case concludes, "contrary to the true intent and meaning of the act of the congress of the United States in such case made and provided." It is therefore clear, that it purports to be founded on a statute. The words, "act of the congress." are as strong and unequivocal as "statute" of the congress; and against the "true intent and meaning" of a statute, is in reality more forcible, direct and intense, than against the "form" of a statute. And this very count finally concludes after an averment, which is merely surplusage. "contrary to the form of the act of the congress of the United States in such case made and provided;" which conclusion might be applied to the whole count, if necessary, which we are decidedly of opinion it is not.

The motion for a new trial and in arrest of judgment is overruled.