## UNITED STATES *v.* MALONE.*

*(Circuit Court, S. D. New York.  December 20, 1881.)*

1. INDICTMENT UNDER SECTION 3266, REV. ST.—ILLICIT DISTILLING—MOTION TO VACATE JUDGMENT.

    Where conviction was had at March term and sentence imposed at the following May term, and application made at October term to vacate judgment and commitment, *held,* that the application was too late, as according to the rules of court it should have been made in arrest of judgment, or for a new trial before sentence was imposed, and that the term at which judgment was rendered having expired, no power remained in the court to vacate the judgment.

2. INDICTMENT—SEPARATE COUNTS IN—EFFECT OF.

    Where a prisoner is convicted on the first count and acquitted on the second, the sentence of the court is a judgment that the verdict upon the second count did not make void the verdict upon the first count, and cannot be brought in review by a motion made after final judgment.

    Each count of an indictment, in judgment of law, charges a separate and distinct offence, and is, in fact and theory, a separate indictment. Accordingly, where a prisoner is charged in two separate counts with having used two different stills at different times on the same day and at the same place, and is

*Reported by S. Nelson White, Esq., of the New York bar.

acquitted on one count and convicted on the other, there is no room to contend that the jury found him guilty and likewise not guilty of the same offence.

3. SAME—AVERMENT OF KNOWLEDGE IN.

When a statute prohibits generally and is silent as to intention, the pleader need not aver knowledge.

Motion to Vacate Judgment.

*Sutherland Tenney,* Asst. Dist. Atty., for the United States.

*Roger M. Sherman,* for defendant.

BENEDICT, D. J. The defendants were jointly indicted and tried together at the March term, 1881. The indictment contained three counts, framed under section 3266 of the Revised Statutes. The first count charged, in substance, that the defendants, on the fifth day of May, A. D. 1879, unlawfully did use a still for the purpose of distilling spirits on premises where ale was manufactured, to-wit, on the premises No. 513 West Fifty-second street, in the city of New York. The second count charged in substance that the defendants unlawfully and knowingly did use, and did aid and assist in using, a still for the purpose of distilling spirits on the premises No. 513 West Fifty-second street, on which said premises fermented liquor, to-wit, ale, was manufactured and produced. The third count charged, in substance, that the defendants unlawfully and knowingly did use a boiler for the purpose of distilling spirits on premises where ale was produced, that is to say, on the premises No. 513 West Fifty-second street, in the city of New York. The verdict of the jury upon the first count was not guilty as to Peter A. Malone and guilty as to Dominick Malone. On the second and third counts the verdict was not guilty as to both the defendants. Thereupon Peter A. Malone was discharged, and afterwards, and at the May term, on motion of the district attorney, Dominick Malone was sentenced to be imprisoned for the period of 16 months and to pay a fine of $1,000.

Now, at the October term of the court, application is made in behalf of the prisoner to vacate the judgment and commitment. This application is based on the proposition that the offence charged in the first count of the indictment is the same offence charged in the second count, and that the acquittal on the second count must prevail, and makes void the verdict upon the first count. To this there are several answers :

*First.* The objection, if valid, comes too late. By the rules of this court, when a conviction is had, sentence is deferred to the next term of the court for the purpose of affording opportunity to move meanwhile in arrest of judgment or for a new trial, and the rules prescribe

that notice of such a motion must be filed within three days after the conviction, and the minutes of the trial, as settled by the judge who tried the case, be filed before the first day of such subsequent term. In this case the prisoner was sentenced at the term subsequent to the conviction, in the absence of any motion for a new trial or in arrest of the judgment in pursuance of the rules, and he cannot now, at this late day, after judgment, and when his term of imprisonment has partly expired, upon a motion like the present, urge an objection which, if valid and taken in the manner prescribed by the rules, would have arrested the judgment. By omitting to comply with the rules the prisoner must be deemed to have waived the right to raise in this court any question proper to be raised in the manner required by the rules.

*Second.* The judgment sought to be vacated was rendered at the May term of this court, and this application is made at the October term thereafter. The term at which the judgment was entered having expired, no power remains in the court to vacate the judgment. *Bank* v. *Labitut*, 1 Woods, 11; *Bank of U. S.* v. *Moss*, 6 How. 31.

*Third.* The question now presented in regard to the effect of the verdict rendered upon the second count was necessarily involved in the question of sentence, and when the prisoner was sentenced it was necessarily adjudged by the court that the verdict upon the second count did not make void the verdict upon the first count.

That determination cannot now be brought in review by an application like the present, made after final judgment.

It is said, however, that the judgment is void because there is no conviction, the defendant having been acquitted on the second count. But how can the judgment be held void when the court had jurisdiction of the person and of the subject-matter, and the record shows a valid indictment, a verdict of guilty upon one of its counts, and a sentence such as the law permits for the offence charged in such count? If there was error, as manifestly there was not, in the determination made at the trial in regard to the effect of the verdict of acquittal upon the second count, such error would not make void the sentence pronounced upon the verdict of guilty which the record shows to have been rendered on the first count.

Moreover, the contention in behalf of the prisoner that error was committed at the trial in construing the verdict to be a verdict of guilty rests upon the assumption that the offence charged in the second count is the same offence charged in the first count. The assumption is without foundation.

It is possible for a person to commit two similar crimes on the·
same day, and to be indicted and punished therefor, and two crimes
are committed when two different stills are used at different times
on the same day on premises where ale is manufactured, and it
is not to be denied that two such crimes may be charged in one
indictment, in different counts, nor that in such case each separate
count of the indictment, in judgment of law, charges a separate and
distinct offence. Each count in an indictment is, in fact and theory,
a separate indictment. Different counts are allowable only on the
presumption that they are different offences, and every count so
imports on the face of the record. Heard, Crim. Pl. 235, 236. See,
also, Rev. St. § 1024.

Accordingly, this record shows the prisoner charged in two sepa-
rate counts with having used two different stills at different times on
the day and at the place described; and there is no room to contend
that, because the jury convicted the prisoner on one count and acquit-
ted him as to the other, they found him guilty and likewise not guilty
of the same offence.

It has been said—by way of argument, we suppose, for the record
discloses no such thing—that, at the trial, evidence as to only one
offence was given. If such be the fact, we fail to see how the con-
clusion follows that the prisoner was improperly adjudged to have
been convicted of one offence. The evidence having proved the use
by the prisoner of one still, and no more, on the day and at the place
described, what was there for the jury to do but to render the ver-
dict they did, namely, guilty of using one still, and not guilty of using
another? On such an indictment, and upon such evidence, the ver-
dict must necessarily be guilty on one count, and not guilty on the
other. Plainly enough, therefore, the verdict in this case amounts
to a conviction on the first count of the indictment, and no error was
committed when it was so held at the time of passing sentence.

In addition to the point already considered we find upon the brief
a second point not pressed at the argument that the first count of the
indictment charges no offence because it omits to aver knowledge. It
appears, from what has already been said in regard to the first point,
that an objection like this cannot be considered upon the present
application. But the point, if open for consideration, could not pre-
vail, for the reason that knowledge is not made by the statute to be an
ingredient in the offence. When a statute prohibits generally and is
silent as to intention, it is clear that the pleader need not aver knowl-
edge. *U. S.* v. *Smith,* 2 Mason, 143, 150; 1 Stark. Crim. Pl. 182.

Here the statute prohibits the use of a still for the purpose of distilling. This indictment charges an act such as is described in the statute, done for the purpose specified in the statute, and, consequently, charges the offence created by the statute.

BLATCHFORD, C. J., and BROWN, D. J., concur.