KAPLAN v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 11, 1916.)

No. 69.

1. POST OFFICE ⟨⟩35—FRAUDULENT USE OF MAILS—ISSUES.

On a trial for using the mails in aid of a scheme to defraud, involving the sending to parties from whom defendant desired credit of false statements of his financial condition, the controlling consideration was the truth or falsity of such statements, and if they were knowingly false the sending thereof could not be reconciled with honesty.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 55; Dec. Dig. ⟨⟩35.]

2. POST OFFICE ⟨⟩49—FRAUDULENT USE OF MAILS—SUFFICIENCY OF EVIDENCE.

On a trial for using the mails in aid of a scheme to defraud, involving the sending of false financial statements to parties from whom defendant desired credit, where, though defendant attempted to fasten the blame for the false statements upon his bookkeeper, he stated in his request for credit that the figures therein were correct to his knowledge and had been investigated, the jury were justified in declining to hold the bookkeeper solely responsible.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 84–86; Dec. Dig. ⟨⟩49.]

In Error to the District Court of the United States for the Southern District of New York.

David Kaplan was convicted of an offense, and he brings error. Affirmed.

Writ of error to review a judgment entered upon the verdict of a jury finding the defendant guilty, upon the third count of the indictment, of having devised a scheme to defraud by sending through the mails a false statement of his assets and liabilities, for the purpose of obtaining credit. Section 215, Criminal Code (Act March 4, 1909, c. 321, 35 Stat. 1130 [Comp. St. 1913, § 10385]).

The particular offense charged in the third count is the mailing to Bachman, Emmerich & Co., 222 Fourth Avenue, New York City, of a statement of his assets and liabilities in which he places his assets at $20,965.91, his liabilities at $3,846.80 and the "net surplus in business" at $17,119.11.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

O'Gorman, Battle & Vandiver, of New York City (George Gordon Battle and John M. Quinn, both of New York City, of counsel), for plaintiff in error.

H. Snowden Marshall, U. S. Atty., of New York City (Harold A. Content and Ben A. Matthews, Asst. U. S. Attys., both of New York City, of counsel), for the United States.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

COXE, Circuit Judge. The two questions involved in this review are questions of fact—First, were the statements of the defendant's financial condition false? Second, were they sent through the mails to persons and firms from whom the defendant was seeking to obtain credit? The evidence as to the use of the mails was so clear and convincing that the court might well have assumed that the mailing was unquestioned, but instead of doing so, he took the safer course and submitted to the jury the question whether the defendant instructed the bookkeeper to mail the letters or whether he knew that the mail was being used in the distribution of the statements to defendant's creditors. The jury found that the mails were used with defendant's knowledge.

[1, 2] The crucial question, however, is whether or not the defendant devised a scheme to defraud by using false statements of his financial condition to induce the sale to him on credit of a large quantity of goods which, had the truth been known, would not have been sold. Here, the controlling consideration is the truth or falsity of the statements. If false and known by the defendant to be false, it is impossible to reconcile his conduct with honesty. The questions were submitted to the jury by Judge Pope in a charge which stated the issue with absolute clearness and impartiality, no exception being taken by either side to the charge. The jury has found the issues of fact against the defendant and we see no reason for disturbing their verdict. The attempt of the defendant to escape liability for the false and misleading statements and to fasten the blame upon the bookkeeper, who had no motive for falsifying the records, did not impress the jury favorably. In view of the statement of the defendant in his request for credit that "the above figures are correct to my knowledge; all the figures have been compared and investigated before the submission of this statement to you," it is not surprising that the jury declined to hold the bookkeeper solely responsible for the false statements. It was defendant's duty when he certified to the truth of these statements to make the necessary investigation to enable him to do so honestly. The jury evidently were not influenced by any bias against the defendant as is evidenced by their verdict of not guilty on the first, second and fourth counts.

We are unable to find any reversible error in the record and think the judgment of conviction should be affirmed.