## UNITED STATES v. BUNKER.

(District Court, N. D. Texas, Fort Worth Division. May 28, 1923.)

No. 1932.

Post office ⟨⟩48(4)—Indictment for using mails to defraud held sufficient.

In an indictment under Criminal Code, § 215 (Comp. St. § 10385), charging in proper form that defendant had devised a scheme to defraud, and that for the purpose of executing such scheme he deposited a described letter in the mails, it is not necessary to expressly allege that he knew the contents of such letter.

Criminal prosecution by the United States against Chester R. Bunker. On demurrer to indictment. Overruled.

Defendant has been indicted for a violation of section 215 of the federal Penal Code (section 10385, Comp. St.). The indictment charges that on or about November 17, 1919, the defendant unlawfully devised a scheme and artifice to defraud and for obtaining money by false pretenses, representations, and promises, etc. The scheme itself is set forth in detail, and is substantially to the effect that the defendant represented that he had organized a high-grade investment company, handling as a broker units and shares of stock in certain oil companies; that he had acquired by purchase certain units in said companies, for which he would be a trustee and fiscal agent, and that those companies had acquired certain oil lands in Southwestern Kentucky and Tennessee, the purchase price for which had been fully paid; that one of said companies "leads the field in the unprecedented race for wealth," and that a well would immediately be drilled on said lands. It is set forth that each and all of these representations, pretenses, promises, and statements were false and fraudulent and untrue in every respect, and that the defendant well knew at all the times mentioned that they were false and untrue; that said representations were made for the sole purpose of inducing various and divers persons and the public generally to forward large sums of money to the defendant for units of stock in the said companies, which sums of money the defendant intended to appropriate and convert to his own use and benefit.

The indictment then continues as follows: "That for the purpose of executing such scheme and artifice to defraud, and for obtaining money by false and fraudulent pretenses and representations, and in attempting so to do, the said defendant did, on or about the 25th day of November, 1919, willfully, unlawfully, fraudulently, and feloniously, place and cause to be placed in a certain post office of the United States, to wit, the post office at Fort Worth, in Tarrant county, Texas, * * * to be sent and delivered by the post office establishment of the United States, a certain envelope upon which the postage was fully prepaid, which said envelope was addressed to O. H. Gordon, 1449 Boulevard, Houston, Texas, which said envelope, so addressed, stamped, and deposited as aforesaid, contained a certain letter in words and figures substantially the following, to wit." Then follows a letter, purporting to have been signed by the defendant and carrying some of the false pretenses and representations hereinabove referred to and set forth.

Defendant demurs to the indictment on the ground that it does not state a public offense, and specifically that the indictment "does not charge any guilty knowledge on the part of this defendant with respect to the contents of said letter, or with the contents of said envelope, and wholly fails to allege that said envelope or letter was knowingly mailed or that the contents thereof was known to this defendant. * * * And inasmuch as knowledge and intent on the part of the defendant with respect to said letter are essential ingredients to said offense, which must be alleged and proven, the said indictment with respect to said particulars is wholly insufficient."

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

Henry Zweifel, U. S. Atty., of Fort Worth, Tex., and John S. Pratt, David Cahill, and Sylvester R. Rush, Sp. Asst. Attys. Gen.

McLean, Scott & Sayers, of Fort Worth, Tex., for defendant.

BLEDSOE, District Judge (after stating the facts as above). The point is made, first, that there is no allegation of the mailing of any "letter," as required by said section 215, in that the indictment alleges merely the placing in the post office of an "envelope"; that the allegation as to the "purpose" for which the mails were made use of refers to the envelope alone, and not to the letter set out. This, however, is carrying refinement in criticism to an indefensible extreme. It is apparent that there was a charge of the mailing of an envelope, which said envelope contained the letter set out in the indictment. A pleading in almost similar language was held good in Dyar v. U. S., 186 Fed. 614, 619, 620, 108 C. C. A. 478. The Circuit Court of Appeals therein held that such manner of pleading the mailing of the letter "clearly put the defendant on notice as to the charge that as a part of the offense he mailed a letter."

The principal point urged by the defendant, however, is that relating to the omission of the allegation that he knowingly deposited, placed, or caused to be placed the letter in question in the United States post office. In this behalf it is insisted that, in order that an offense may be stated, it must be alleged and proved that the contents of the letter alleged to have been mailed by him were known to him. He may, it is said, have been in complete ignorance of the contents of the letter, and knowledge of their contents must be charged to him in order that it may be asserted that he was mailing the letter with the intention and purpose of executing the scheme and artifice to defraud.

This criticism, however, I think untenable. In the first place, it will be observed (section 215, supra) that Congress has made it an offense for any one who, having devised any scheme or artifice to defraud, "shall, for the purpose of executing such scheme or artifice or attempting so to do, place or cause to be placed" any letter or other writing in any post office, etc. Knowledge of the contents of the letter is not made an element of the crime as defined by the statute. Knowledge on the part of the defendant of the scheme to defraud is obviously a necessary part of the crime. That being brought home to the defendant, any use by him of the United States mails in the manner indicated in the statute, "for the purpose of executing such scheme or artifice or attempting so to do," involves him in a violation of the statute. See Durland v. U. S., 161 U. S. 306, 308, 16 Sup. Ct. 508, 40 L. Ed. 709. With respect to the point under discussion, the allegations of the indictment in that case closely approximate those contained herein. In addition, holding that the character of the letter mailed as being itself calculated to perpetrate the fraud was an immaterial circumstance (and of no moment, therefore, whether known to the defendant or not), the court said:

"It is enough if, having devised a scheme to defraud, the defendant with a view of executing it deposits in the post office letters, which he thinks may assist him in carrying it into effect."

So, also, it may be said that, when the government shall have proven, as it alleges the fact to be, that the letter in question was actually deposited "for the purpose of executing such scheme and artifice to defraud," it will, in effect, have proven that the defendant must, in a general way, at least, have been apprised of the contents of the letter. This must be so, because, without having some information or intimation as to its contents, proof could not successfully be made that he caused it to be mailed "for the purpose of executing" the artifice to defraud theretofore devised by him.

No reported case was cited on the argument to the effect that an indictment of the form here under consideration was insufficient. Counsel, in support of their position, did cite U. S. v. Carll, 105 U. S. 611, 26 L. Ed. 1135, and Samuels v. U. S., 232 Fed. 536, 146 C. C. A. 494, Ann. Cas. 1917A, 711. In the Carll Case the court held the indictment insufficient because it was not alleged that the defendant knew the instruments used by him in attempting the consummation of the fraud "to be false, forged, counterfeited, and altered." That holding, as I read the decision, however, was made, and properly so, because of the fact that only a general allegation of "intent to defraud" was contained in the indictment. This, under all the authorities, is insufficient. Particularity, with respect to the circumstances tending to show the nature of the fraud sought to be perpetrated, must be indulged in. In consequence, it was required that knowledge of the falsity of the instruments used, being the means adopted to consummate the fraud, must have been set forth. In the case at bar, however, as above shown, the details of the devised scheme, and the knowledge on the part of the defendant of all of the fraudulent elements thereof, were specified plainly and clearly.

The Samuels Case, in my judgment, actually supports the indictment at bar. The allegation with respect to the mailing of the letter is in substantially the same language as that contained in the indictment herein. 232 Fed. 540, 146 C. C. A. 494, Ann. Cas. 1917A, 711. With respect to that it is held by the court that the allegation that the letter was mailed for the purpose of carrying out and executing the scheme "in effect" charged all that the law reasonably could require under the terms of the statute involved.

An indictment in substantially the same language, in so far as the failure to allege that the letter was "knowingly" mailed, was sustained in Hume v. U. S., 118 Fed. 689, 691, 55 C. C. A. 407. In U. S. v. Malone (C. C.) 9 Fed. 897, a prosecution for the unlawful use of a still, the point was made that the first count of the indictment charged no offense, because it omitted to aver knowledge. The court met the contention, however, with the suggestion that:

"The statute prohibits the use of a still for the purpose of distilling. This indictment charges an act such as is described in the statute, done for the purpose specified in the statute, and, consequently, charges the offense created by the statute."

In Holsman v. U. S., 248 Fed. 193, 160 C. C. A. 271, 12 A. L. R. 390, the insufficiency of the indictment being asserted, it was said by the court that:

290 F.—14

"While the word 'willful,' or its equivalent, is not in the indictment, other language is employed which is clearly indicative of an intent to defraud."

So here, assuming the fact of knowledge on the part of the defendant with respect to the contents of the letter to be necessary, and therefore its allegation to be equally necessary, the averments made as to his intent and purpose in causing the letter to be mailed sufficiently cover this formal omission.

The demurrer is overruled.