. UNITED STATES v. BALL et al.

(District Court, M. D. Pennsylvania. January 14, 1924.)

No. 3409.

1. Post office ⊜⊸35—Mailing false financial statement to commercial agency held a fraudulent use of the mails.

The mailing of a false financial statement to a commercial agency, with knowledge that it is false, and that it will be used to secure the extension of credit to the sender, is within Penal Code, § 215 (Comp. St. § 10,385), as to using the mail to effect a fraudulent scheme.

2. Post office ⊜⊸48(4)—Indictment for use of mails to defraud defective for failing to allege scienter.

In an indictment for violation of Penal Code, 215 (Comp. St. § 10385), as to using the mail to carry out a fraudulent scheme, by sending a false statement of the financial condition of defendants through the mail, held, that a failure to allege the knowledge of defendants as to the truth or falsity of the statement made was fatal; such omission being of matter of substance, and not a defect or imperfection in matter of form only.

Albert K. Ball and others, indicted for violation of Penal Code, § 215, demur to the indictment. Demurrer sustained. '

Alton A. Vosburg, Asst. U. S. Atty., of Scranton, Pa. (Andrew B. Dunsmore, U. S. Atty., of Wellsboro, Pa., on the brief), for the United States.

J. Julius Levy, of Scranton, Pa., for defendants.

WITMER, District Judge. The defendants, Albert K. Ball, Mark Ball, and Louis Ball, were indicted, charged with a violation of section

215 of the Penal Code (Comp. St. § 10385). The indictment contained one count alleging that the defendants "did unlawfully, willfully, maliciously, and feloniously devise a scheme or artifice to defraud, and to use the mail service of the United States government to carry said scheme into effect," and that in pursuance to said fraudulent scheme or artifice the said defendants did "make out and send, and cause to be sent, postage paid, through the United States mails, a certain false and fictitious statement of their financial condition." The defendants demurred to the indictment on the ground that it did not allege that the defendants, or any of them, knew that the financial statement which they mailed was in truth and in fact false and fictitious.

[1] The sending of false statements of accused's financial condition to persons from whom he desired credit was not originally considered punishable under section 5480, Revised Statutes. However, it is now well settled that under section 215 of the Penal Code the mailing of a false financial statement to a commercial agency, with a knowledge that it was false and that it would be used to secure the extension of credit to him, is within the section. Scheinberg v. United States, 213 Fed. 757, 130 C. C. A. 271, Ann. Cas. 1914D, 1258; United States v. Akers (D. C.) 232 Fed. 963; Kaplan v. United States, 229 Fed. 389, 143 C. C. A. 509.

[2] The sole question is whether a failure to allege the knowledge of defendants as to the truth or falsity of the statement made is fatal to the indictment. A careful examination of the cases cited by government's counsel shows that in those cases there was an allegation as to the knowledge of the defendants. In United States v. Akers (D. C.) 232 Fed. 963, the indictment is set out in full and contains the following in the first count:

"Whereas, in truth and fact, the said so-called 'Atlantic Lumber & Coal Company' was not a bona fide business association of persons, and was not financially good, solvent, reliable, and responsible, and did not do a bona fide business as dealers in yellow pine and hardwood lumber, steam and domestic coal, all of which the said Simon A. Akers then and there well knew."

In Crane v. United States, 259 Fed. 480, at page 482, 170 C. C. A. 456, at page 458, the court said:

"It is said that the indictment alleges no facts showing fraud. But it clearly alleges a scheme to defraud people by means of the misrepresentations fully set forth. It also charges that the representations made were false and known to be false."

In Belden v. United States, 223 Fed. 726, 139 C. C. A. 256, also relied upon by government's counsel, an examination of the indictment there set out shows that in three places in the indictment it is alleged that the defendants well knew that the facts stated by them were not true.

In Riddell v. United States, 244 Fed. 695, 157 C. C. A. 143, also cited by government's counsel, the indictment, which is reported at length in the opinion, contains the allegation as follows:

"Whereas, in truth and in fact, and as the defendant then and there well knew the said lots were not contiguous," etc.

And similar allegations of knowledge of the defendant appear repeatedly in that indictment. The particular question here involved was, therefore, not directly before the court in any of the cases cited, but, on the contrary, the framer of the indictment in each case appears to have considered such an allegation of knowledge essential, and to have inserted it.

There is no doubt under the older statute, section 5480, Revised Statutes, but that, where the gravamen of the charge was a falsity of the pretense or statement, it required a distinct charge that the representation made by the defendant was false, and known by said defendant to be false. Post v. United States, 135 Fed. 1, at page 8, 67 C. C. A. 569, 70 L. R. A. 989. That the requirement of knowledge on the part of the defendant is just as essential under section 215, Penal Code, appears equally well established.

In the case of Kaplan v. United States, 229 Fed. 389, 143 C. C. A. 509, in which case there was a scheme to defraud, involving the sending of a false statement of accused's financial condition to persons from whom he desired to obtain credit, the court there held the controlling consideration to be the truth or falsity of the statement or statements known to the accused.

In Scheinberg v. United States, 213 Fed. 757, 130 C. C. A. 271, Ann. Cas. 1914C, 1258, also involving the mailing of a false financial statement, the court stated the proposition to be whether the statement was false, and whether the defendant knew it to be false when he mailed it. In this case there was an allegation in the indictment that the defendant knew the falsity of the financial statement. In McDonald v. United States, 241 Fed. 793, at page 797, 154 C. C. A. 495, the court, finding the statement to be vitally untrue, stated the criterion to be whether the defendant, when he gave it out, knew it to be false and essenially misleading. And again in Moffatt v. United States, 232 Fed. 522, at page 531, 146 C. C. A. 480, at page 482, the court, in discussing the indictment, stated:

"The indictment then alleges, in substance, that the defendant, at the time and place of devising the scheme and mailing the letter referred to in count 3, and of converting such money to his own use, and of defrauding the persons in that count referred to, out of the same, well knew that said representations were false, and that it was his intent," etc.

Other decisions, to the effect that a knowledge of defendant as to the truth or falsity of statements or representations made by him is an essential element of the violation charged, are numerous. U. S. v. Bunker (D. C.) 290 Fed. 207, at page 209; Samuels v. U. S., 232 Fed. 536, at pages 540 and 541, 146 C. C. A. 494, Ann. Cas. 1917A, 711; Bettman v. U. S., 224 Fed. 819, 140 C. C. A. 265; Charles v. U. S., 213 Fed. 707, 130 C. C. A. 221, Ann. Cas. 1914D, 1251; Sandals v. U. S., 213 Fed. 569, 130 C. C. A. 149; Sparks v. U. S., 214 Fed. 777, at page 792. It is evident that "the omission is of matter of substance, and not a 'defect or imperfection in matter of form only.'" U. S. v. Carll, 105 U. S. 611, 26 L. Ed. 1135.

The conclusion is therefore irresistible that the indictment now before us is fatally defective, and the demurrer thereto must be sustained.